IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TRAVIS LEMETT MCKIE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN C. HARRISON,<br><br>Respondent. | No. 2:25-cv-02877-SHL-cgc |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is pro se Petitioner Travis McKie's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (ECF No. 2.) Respondent Warden Harrison filed a response. (ECF No. 8.) McKie did not file a reply, and the time for doing so has expired. (See ECF No. 5.) For the following reasons, McKie's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

In 2023, McKie pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, a kilogram or more of heroin, 28 grams or more of cocaine base, 40 grams or more of fentanyl, and a quantity of cocaine. See United States v. McKie, No. 3:21-cr-00522-JFA (D.S.C. Aug. 30, 2023) (ECF No. 735.) He was sentenced to 97 months of incarceration, followed by four years of supervised release. See id. (ECF No. 800.) McKie did not appeal, but sought relief under various forms, including a Motion to Vacate under 28 U.S.C.

[1] McKie is incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis").

§ 2255 and a Motion for Compassionate Release. See id. (ECF No. 914; ECF No. 957.) The sentencing court denied both motions. See id. (ECF No.971; ECF No. 977.)

## II. THE PETITION

McKie filed his § 2241 Petition on September 15, 2025. (No. 2:25-cv-2877, ECF No. 2.) He asserts that, for approximately seven months, he moved between two detention facilities before finally arriving at FCI Memphis. (ECF No. 2-1 at PageID 14.) He argues that the Bureau of Prisons ("BOP") has not credited the seven months he spent between detention facilities toward his federal time credits ("FTCs"). (ECF No. 2 at PageID 7.)

According to McKie, federal law enables an inmate to begin earning First Step Act ("FSA") credits on the date when he is received into custody and awaiting transport to his designated BOP facility. (ECF No. 2-1 at PageID 14 (citing 18 U.S.C. § 3585; 18 U.S.C. § 3632(d)(4)(B)(ii)).) He contends that BOP regulations are out-of-step with the FSA because regulations state that a prisoner cannot begin to receive FSA time credits until he "arrives at his BOP-designated facility where his sentence will be served." See 28 C.F.R. § 523.42(a). (Id. at PageID 14–15.) He seeks an order requiring the BOP to grant him sentencing credit for the seven months he spent in transit to FCI Memphis. (ECF No. 2 at PageID 8.)

Harrison filed a response on October 9, 2025, supported by a declaration of Robin Eads, a Paralegal for the BOP with access to McKie's Administrative Remedy History, which is also attached to Harrison's response. (ECF No. 8-1; ECF No. 8-3.) Harrison argues that the Court should dismiss the § 2241 Petition because: (1) McKie did not fully exhaust his administrative remedies; (2) his FSA FTCs have been correctly applied to his sentence; and (3) he is not entitled to FSA credits for the seven months he spent in transit. (See generally ECF No. 8.)

## III. ANALYSIS

At this point, McKie's Petition fails under the exhaustion issue. Federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. See Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) ("[F]ederal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."). Under the BOP's Administrative Remedy Program, an inmate seeking redress of grievances must first bring those grievances at the institutional level, then at the regional level, and finally at the national level. See 28 C.F.R. § 542.10 et seq. "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." Cooper v. Batts, No. 21-5828, 2022 WL 4009862, at *2 (6th Cir. Aug. 25, 2022) (citation omitted).

A prisoner's failure to exhaust administrative remedies "may be excused where pursuing such remedies would be futile." Fazzini v. Ne. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006). Nonetheless, a prisoner must make "some affirmative efforts to comply with the administrative procedures before [a Court] analyzes whether the facility rendered these remedies unavailable." Napier v. Laurel Cnty., 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted). A prisoner who "fail[s] to file a grievance or abandon[s] the [grievance] process before completion [cannot] [successfully] claim that he has exhausted his remedies or that it is futile for him to do so." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) (citation omitted).

McKie sought an administrative remedy regarding his "eligibility for FSA earned time credits." (ECF No. 8-1 at PageID 47; see also ECF No. 8-3.) However, according to Eads's Declaration, McKie "failed to appeal his single administrative request to the regional or central office level of the administrative remedy process." (ECF No. 8-1 at PageID 47.)

McKie suggests that exhaustion should be waived because "pursuing such remedies would be futile or unable to afford [him] the relief he seeks." (ECF No. 2-1 at PageID 11 (citation omitted).) But McKie does not support his assertion that pursuing administrative appeals would have been futile. Indeed, he filed no reply to Harrison's response. McKie's failure to follow the procedural requirements of the administrative process cannot, alone, render the administrative process futile; were it otherwise, an inmate could bypass the administrative process entirely by refusing to follow its rules. See Hartsfield, 199 F.3d at 309.

Therefore, McKie's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.[2]

## IV. APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). See Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee under 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, if the district court certifies that an appeal would not be taken in good faith, or

[2] Because dismissal is appropriate based on McKie's failure to exhaust his administrative remedies, Harrison's alternative arguments need not be addressed. (See ECF No. 8 at PageID 37–43.)

otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5).

For the reasons outlined above, an appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** McKie leave to appeal in forma pauperis.

**IT IS SO ORDERED**, this 7th day of October, 2026.

s/Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE